IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

Plaintiff

v.

REAL PROPERTY LOCATED AT 1630 MINERAL SPRING AVENUE, NORTH PROVIDENCE, RHODE ISLAND;

REAL PROPERTY LOCATED AT 566 EAST SHORE ROAD, JAMESTOWN RHODE ISLAND;

REAL PROPERTY LOCATED AT 6 PINE TREE LANE, LINCOLN, RHODE ISLAND;

REAL PROPERTY LOCATED AT 15 DENNELL DRIVE, LINCOLN, RHODE ISLAND;

REAL PROPERTY LOCATED AT 78 FARNUM PIKE, SMITHFIELD, RHODE ISLAND AND FURTHER DESIGNATED AS CONDOMINIUM UNITS NUMBERS 2, 4, 5, 6, AND 7; AND

ALL FUNDS IN CITIZEN BANK ACCOUNT NUMBER 994-984-4 IN THE NAME OF TAREK WEHBE OF [redacted] PINE TREE LANE [redacted],
[redacted]

Defendants

Civil Action No. ______________________

CA 08 125 ML

**VERIFIED COMPLAINT FOR**
**<u>FORFEITURE IN REM</u>**

Plaintiff United States of America brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF ACTION

1. This is an action to forfeit real property and personal property, namely five pieces of real estate and one bank account.

**DEFENDANTS IN REM**

2. The defendant property consists of the following:

(a) Citizens Bank account number 994-984-4 in the name of Tarek Wehbe ("Dr. Wehbe"), [redacted] Pine Tree Lane, [redacted].

(b) Real property located at 1630 Mineral Spring Avenue, North Providence, Rhode Island which is owned by Atlantis Management – located at 6 Pine Tree Lane, [redacted] and 99% of which is owned by Dr. Wehbe – and legally described as:

Those six (6) certain lots or parcels of land with all buildings and Improvements thereon situated on the sourtherly side of Mineral Spring Avenue and the northerly side of Swanee Street in the Town of North Providence, County of Providence, State of Rhode Island laid out and designated as Lots Nos. 153 (one hundred fifty-three), 154 (one hundred fifty-four), 155 (one hundred fifty-five), 164 (one hundred sixty-four), 165 (one hundred sixty-five), 166 (one hundred sixty-six) on that plat entitiled "Wilbur Highlands North Providence, Rhode Island owned by J.W. Wilbur July 1st, 1908 Scale 60 FT = 1 IN A.L. Eliot, C.E." which plat is recorded in the Office of the Town Clerk of said Town of North Providence on Plat Card 75.

(c) Real property located at 566 East Shore Road, Jamestown, Rhode Island which is owned by Dr. Wehbe and his wife Mathilda Wehbe and legally described as:

That certain parcel of land, with any improvements thereon, in the Town of Jamestown and State of Rhode Island, on the easterly side of East Shore Road, and bounded and described as follows: Beginning at a point in the easterly line of said Road, said point of beginning being at the southwesterly corner of land now or formerly of Edwin Ohsberg and at the northwesterly corner of the within described parcel; Thence running southerly bounding westerly on said East Shore Road two hundred (200) feet, to a point; Thence turning an interior angle of 71 degrees 13' and running northeasterly three hundred ninety-two and 78/100 (392.78) feet to a point; Thence turning an interior angle of 224 degrees 01' and running southeasterly sixty-eight and 33/100 (68.33) feet to a wall, said last two (2) courses bounding southeasterly and southwesterly on land now or formerly or formerly Commerce Oil Refining Corporation, thence turning an interior angle of 83 degrees 10' and running northeasterly along

said wall bounding southeasterly on Parcel II hereinafter described, two hundred (200) feet to an angle in said wall; thence turning an interior angle of 61 degrees 39' and running southwesterly along said wall bounding northwesterly said Ohsberg land five hundred four and 38/100 (504.38) feet to said East Shore Road and the point and place of beginning.

And further described as:

Also a certain parcel of land adjoining Parcel I on the southeast and bounding northwesterly on said Parcel I; southwesterly on land now formerly of Commerce Oil Refining Corporation on a line in extension southeasterly of the third course of said Parcel I; southeasterly on Narragansett Bay; and northwesterly on a line in extension northeasterly of the last described course of said Parcel I.

(d) Real property located at 6 Pine Tree Lane, Lincoln, Rhode Island which is owned by Dr. Wehbe and his wife Mathilda Wehbe and legally described as:

That certain lot or parcel of land with all the buildings and improvements thereon, situated on Pine Tree Lane, in the Town of Lincoln, County of Providence, State of Rhode Island, laid out and designated as Record Lot 6 on that certain plat entitled, "Gaywood Record Plan AP 26 Lot 64, Lincoln, Rhode Island Developer: Dayjur Corporation, 145 Twin River Road, Lincoln, Rhode Island 20865 Owner: Dayjur Corporation, 145 Twin River Road, Lincoln, Rhode Island 02865" which plat is recorded in the Land Evidence Records of the Town of Lincoln County of Providence, State of Rhode Island as Subdivision No. 325.

(e) Real property located at 15 Dennell Drive, Lincoln, Rhode Island which is owned by Elegant Homes – located at [redacted] Pine Tree Lane [redacted] and 25% of which is owned by Dr. Wehbe – and legally described as:

Two certain tracts or parcels of land, located in the rear of the Comstock Farm, in the Town of Lincoln, County of Providence, State of Rhode Island, and bounded and described as follows:
The first lot begins at the north-west corner of said lot, at a stone; a bound of land formerly owned by Mary Burgess, wife of Tristam Burgess; thence running S. 84 ½ ° E. and bounded northerly by land now or formerly of the Estate of Anthony Angell, thirty six (36) rods, and twenty-two (22) links, to an old chestnut stump;

thence running S. 86 ° E with said Angell land, four (4) rods, and eight (8) links, to a stone set in the ground; thence running S. 2° W., two (2) rods, to a corner of land formerly belonging to the Heirs of Joseph Whipple; thence running S. 16 ½ ° E., bounded easterly by said Whipple land; fourteen (14) rods, and five (5) links, to a corner of land formerly belonging to the Heirs of Nathaniel Angell; thence running S. 64 ° W., with said Angell land, to a stone bound at the corner of the above named Burgess land; thence running N. 20° W., bounded westerly by said Burgess land, about thirty-seven (37) rods to the point of beginning, and contains about five and ¾ (5-3/4) acres of land.

The second lot begins at a stone set in the ground at the south-west corner of the first tract hereinbefore described ; thence running S. 64° W., twenty-two (22) rods, and ten (10) links, to stake and stones; thence running westerly about five hundred ninety (590) feet to a stone at the south-west corner of this lot; thence running N. 4° E., twenty-one (21) rods and twenty-six (26) links, to a stone; thence running N. 36° E., nine and ½ (9-1/2) rods to a stone; thence running N. 4° E., three (3) and ten (10) links, to a stone at the north-west corner of the first tract hereinbefore described; thence running southerly bounded easterly by said first tract, about thirty-seven (37) rods to the point of beginning, and contains about twelve and ¼ (12-1/4) Acres of land.

Also, a certain triangular tract of land, lying westerly from the Louisquisset Pike in the Town of Lincoln, County of Providence, in the State of Rhode Island, and is bounded and described as follows:

Beginning at the northeasterly corner of the within described land at a stone, and being a corner of land now or lately of Anna B. Comstock and land now or formerly of Jennie Cimini; thence S. 65° E. bounding northeasterly by land now or lately of Anna B. Comstock and land now or lately of Jennie Cimini, five hundred and thirty-two (532) feet to an iron pope in the ground; thence N. 88° W. bounding southerly by land now or lately of Jennie Cimini four hundred and thirtyeight (438) feet to an iron pope set in the ground at the southeasterly corner of land now or lately of Jennie Cimini; thence N. 12° E. two hundred and thirty (230) feet to the place of beginning and containing 1.13 acres, more or less.

Excluding from the above parcels the premises conveyed by Albina Lemis to Daniel J. Sullivan Jr. and Kathleen M. Sullivan by deed dated September 15, 1993 and recorded in Book 386 at Page 83.

(f) Real property located at 78 Farnum Pike, Smithfield, Rhode Island further designated as Condominium Units # 2, #4, #5, #6 and #7 owned by Summerfield Estates – located at [redacted] Pine Tree Lane, [redacted] and 50% of which is owned by Dr. Wehbe – and is legally described as follows:

That certain lot or parcel of land with all the buildings and improvements thereon situated on the southwesterly side of Farnum Pike and on the northwesterly side of Wolf Hill Road in the town of Smithfield, County of Providence, and State of Rhode Island, bounded and described as follows;

Beginning at the easterly corner of said lot at the westerly corner of said Farnum Pike and Wolf Hill Road; thence southwesterly bounding southwesterly on said Wolf Hill Road about 103.8 feet to land now or lately of St. Michael's Church, Georgiaville, Rhode Island; thence northwesterly bounding southwesterly on the last named land about 121 feet to a corner; thence northeasterly bounding northwesterly on other land now or lately of St. Michael's Church, Geogiaville, Rhode Island about 103.8 feet to said Farnum Pike; thence southwesterly bounding northeasterly on said Farnum Pike about 113 feet to Wolf Hill Road at the point and place of beginning.

3. The following may have interest in the defendant properties: (a) Tarek Wehbe and (b) Mathilda Wehbe of [redacted] Pine Tree Lane, [redacted]; (c) Sovereign Bank; (d) Citizens Mortgage Corporation; (e) MERS, Inc. (as nominee for Countrywide Home Loans, Inc.); (f) Citizens Bank of Rhode Island; (g) Atlantis Management; (h) Elegant Homes; (i) Summerfield Estates; (j) Washington Mutual Bank; (k) Harry Zervas; and (l) Krzysztof Puzanowski.

4. The bank account defendant and all contents of the account are presently in the custody of Citizens Bank. The Plaintiff will request, per a request for an arrest warrant in rem, that Citizens Bank maintain this account in a manner that allows interest to accrue and allows deposits to be made but prevents any withdrawal of funds.

5. The real property defendants have not been seized but are located within this

district and within the jurisdiction of this Court. At this time, the United States does not request authority from the Court to seize the real property defendants. The United States will, as provided by 18 U.S.C. §985(b)(1) and (c)(1): (a) post notice of this action and a copy of the Complaint on the defendant real property, (b) serve notice of this action on the respective real property defendant owners and/or parties with interest in the real property defendants along with a copy of this Complaint, (c) execute a Writ of Entry for purposes of conducting an inspection and inventory of the real property defendants, and (d) file a lis pendens in county records of the real property defendants' status as a defendants in this in rem action. The United States will also, as provided in 19 U.S.C. § 1606, appraise the defendant real property as appropriate after execution of the Writ of Entry.

**JURISDICTION AND VENUE**

6. Plaintiff brings this action in rem its own right to forfeit and condemn the defendant bank account and real property defendants. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

7. This Court has in rem jurisdiction over the defendant properties under 28 U.S.C. § 1355(b). Moreover, with respect to the defendant bank account, this Court will have control over the property pursuant to the service of an arrest warrant in rem under Supplement Rule G(3)(b), which Plaintiff will execute upon the property under 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

**BASIS FOR FORFEITURE**

9. The defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) because the defendant properties are involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 and/or constitute or are derived from

proceeds traceable to a violation of 18 U.S.C. § 1347 (health care fraud) and/or 18 U.S.C. § 1343 (wire fraud), both offenses that constitute specified unlawful activities.

## FACTS

10. As set forth in the attached and hereby incorporated Affidavit of Jason Rameaka, a significant portion of the payments from the United States and other sources made to Dr. Wehbe as reimbursements for infusion of Remicade, chemotherapy drugs, and other infusion drugs were based on fraudulent claim submissions by Dr. Wehbe.

11. As set forth in the attached and hereby incorporated Affidavit of Jason Rameaka, Dr. Wehbe did not administer the doses of Remicade specified in his bills, and rather, Dr. Wehbe inflated these bills in order to maximize reimbursement.

12. As set forth in the attached and hereby incorporated Affidavit of Jason Rameaka, the proceeds from this fraudulent billing were commingled with other funds and/or routed through various accounts and funds from these various accounts were deposited in the defendant bank account and used to purchase and/or maintain an interest in the real property defendants.

13. A full and complete recitation of facts is set forth in the Affidavit of Jason Rameaka, which is incorporated in its entirely herein.

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that Plaintiff be awarded its costs and disbursements in this action, and for such other and further relieve as the Court deems proper and just.

Respectfully submitted,

UNITED STATE OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Milind M. Shah
Assistant U.S. Attorney
United States Attorney's Office

50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 fax
Email: milind.shah@usdoj.gov

Dated: April 8, 2008

**VERIFICATION**

I, Special Agent Jason Rameaka, hereby verify and declare under penalty of perjury that I am a Special Agent with Criminal Investigation, Internal Revenue Service, United States Department of Treasury, that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the factual matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are set forth in detail in my Affidavit, which is attached to the Complaint.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Special Agent Jason Rameaka

Dated: April 8, 2008