UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>REAL PROPERTY LOCATED AT<br>1630 MINERAL SPRING AVENUE,<br>NORTH PROVIDENCE, RHODE ISLAND;<br><br>REAL PROPERTY LOCATED AT<br>566 EAST SHORE ROAD, JAMESTOWN,<br>RHODE ISLAND;<br><br>REAL PROPERTY LOCATED AT<br>6 PINE TREE LANE, LINCOLN,<br>RHODE ISLAND;<br><br>REAL PROPERTY LOCATED AT<br>78 FARNUM PIKE, SMITHFIELD, RHODE<br>ISLAND AND FURTHER DESIGNATED AS<br>CONDOMINIUM UNIT NUMBERS 2, 4, 5, 6<br>AND 7; AND<br><br>ALL FUNDS IN CITIZENS BANK ACCOUNT<br>NUMBER ********* IN THE NAME OF TAREK<br>WEHBE OF * PINE TREE LANE, *******,<br>***** ******<br>Defendants. | C.A. No. 08-125 ML |

**ANSWER OF THE WASHINGTON TRUST COMPANY**

The Washington Trust Company ("Washington Trust"), having previously submitted its Statement of Claim, hereby submits its Answer to the within action (the "Forfeiture Action"). Washington Trust is as an innocent mortgagee of certain of the real property the United States seeks to forfeit pursuant to the Forfeiture Action and therefore objects to the Forfeiture Action with respect to those properties to the extent of Washington Trust's interest therein.

**NATURE OF ACTION**

1. Admitted.

**DEFENDANTS IN REM**

2. Washington Trust is without knowledge or information to form a belief as to the truth of the allegations in paragraph 2. However, to the extent that the Forfeiture Action relates to real estate located at 1630 Mineral Spring Avenue, North Providence, Rhode Island owned by Atlantis Management, LLC (the "Mineral Spring Avenue Property") and real estate located at 78 Farnum Pike, Smithfield, Rhode Island and designated as Condominium Units Nos. 2, 4, 5, 6 and 7 owned by Summerfield Estates, LLC (the "Farnum Pike Property"), Washington Trust states that it holds mortgages, security interests, assignments of leases and rents and other rights in each of those properties. The nature and extent of Washington Trust's interest is set forth in Washington Trust's Statement of Claim filed in this Forfeiture Action which is incorporated by reference herein.

3. Washington Trust admits, upon information and belief, that (a) Tarek Wehbe and Mathilda Wehbe have direct or indirect interests in the Mineral Spring Avenue Property and the Farnum Pike Property, (b) Atlantis Management, LLC has an interest in the Mineral Spring Avenue Property, and (c) Summerfield Estates, LLC has an interest in the Farnum Pike Property. Washington Trust is without knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 3. Further answering, as set forth in its Answer to paragraph 2, Washington Trust has interests in the Mineral Spring Avenue Property and the Farnum Pike Property, but is not identified in paragraph 3 as having an interest therein.

4. Washington Trust is without knowledge or information to form a belief as to the truth of the allegations of paragraph 4.

5. Washington Trust is without knowledge or information to form a belief as to the truth of the allegations of paragraph 5, except that Washington Trust admits that the real estate referenced in the Forfeiture Action is physically located in Rhode Island.

**JURISDICTION AND VENUE**

6. Paragraph 6 states legal conclusions or other facts as to which no response by Washington Trust is required.

7. Paragraph 7 states legal conclusions or other facts as to which no response by Washington Trust is required.

8. Paragraph 8 states legal conclusions as to which no response by Washington Trust is required. Washington Trust is without knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 8, except that Washington Trust admits that the real estate referenced in the Forfeiture Action is physically located in Rhode Island.

**BASIS OF FORFEITURE**

9. Washington Trust is without knowledge or information to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

**FACTS**

10. Washington Trust is without knowledge or information to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11. Washington Trust is without knowledge or information to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12. Washington Trust is without knowledge or information to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13. Washington Trust is without knowledge or information to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

**OTHER DEFENSES**

1. Washington Trust is an innocent mortgagee with respect to its interests in the Mineral Spring Avenue Property, the Farnum Pike Property and any other property in which Washington Trust might have an interest.

2. Washington Trust did not know or have reason to know of the alleged conduct giving rise to the Forfeiture Action.

3. Washington Trust's mortgage and other interests in the properties subject to forfeiture were the result of *bona fide*, arms length commercial transactions and Washington Trust did not know and was reasonably without cause to know that such properties might be subject to forfeiture.

4. To the extent the United States has lawful interests in the Mineral Spring Avenue Property, the Farnum Pike Property or any other property in which Washington Trust might have an interest, those interests are subordinate to the interests of Washington Trust.

5. Washington Trust has certain contractual, statutory and common law rights with respect to the Mineral Spring Avenue Property and the Farnum Pike Property which rights Washington Trust does not waive and expressly reserves, and which rights are superior to any rights the United States may have.

6. To the extent that properties in which Washington Trust has an interest have been seized by and/or transferred or forfeited to the United States and Washington Trust has not been fully compensated for its interests in such properties, such seizure, transfer or forfeiture can only occur subject to Washington Trust's rights and (a) with a provision that the United States

compensate Washington Trust to the full extent of its ownership interest and rights once a final order of forfeiture has been entered and the property has been reduced to liquid assets; or, in the alternative (b) by permitting Washington Trust, at its election, to retain such property subject to a lien in favor of the United States to the extent of the forfeitable interest in such property.

THE WASHINGTON TRUST COMPANY
By its Attorneys,

/s/ *Gardner H. Palmer, Jr.*

Joseph M. DiOrio (#2616)
Gardner H. Palmer, Jr. (#3707)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, RI 02903
401 632-0911
401 632-0751 (Fax)
jmdiorio@dioriolaw.com
ghpalmer@dioriolaw.com

Date: May 16, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 16th day of May 2008, I caused a copy of the within Answer of The Washington Trust Company to be filed electronically and served on counsel of record using the CM /ECF system.

/s/ *Gardner H. Palmer, Jr.*