IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>REAL PROPERTY LOCATED AT 1630 MINERAL SPRING AVENUE, NORTH PROVIDENCE, RHODE ISLAND; ET AL.<br>Defendants | Civil Action No. 08-0125ML |
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>REAL PROPERTY LOCATED AT 288 MIDDLE ROAD, EAST GREENWICH, RHODE ISLAND; ET AL.<br>Defendants | Civil Action No. 08-147ML |

ORDER

This matter comes before the Court on Plaintiff United States of America's motion for an order under 18 U.S.C. § 983(j) to secure, maintain, and preserve the following defendant properties (hereinafter "defendant properties") – 1630 Mineral Spring Avenue, North Providence, RI; 566 East Shore Road, Jamestown, RI; 78 Farnum Pike, Smithfield, RI (Condominium Units 2, 4, 5, 6, and 7); 288 Middle Road, East Greenwich, RI; 95 Pine Hill Avenue, Lincoln, RI; and 790 North Main Street, Providence, RI. – all of which are further described in Attachment A. The Court having considered the motion and any responses thereto, finds:

(1) Good cause exists to believe that the defendant properties are subject to forfeiture;

(2) Good cause exists to believe that the owners of these properties are not presently maintaining these properties; and

(3) Weighing the equities, considering Plaintiff's likelihood of success in these forfeiture actions, Plaintiff's interest, and the absence of any prejudice to any party with an interest in the defendant properties, this order is in the public interest.

IT IS HEREBY ORDERED that during the pendency of the above-captioned civil forfeiture actions, the United States Marshal Service and Department of Treasury and their agents – including any property managers retained by for the purpose of managing defendant properties – shall have the authority to take all reasonable measures necessary to secure, maintain, and preserve the defendant properties, which include but are not limited to the following:

(1) manage defendant properties in a manner consistent with the sort of management undertaken by a residential property manager with respect to residential defendant properties and with the sort of management undertaken by a commercial property manager with respect to commercial defendant properties;

(2) entry onto defendant properties and into any physical structures on defendant properties as necessary for security, maintenance, and preservation;

(3) reasonable precautions to preserve the value of defendant properties;

(4) maintenance of any yards or landscaping in their present state;

(5) maintenance of the appearance of defendant properties and maintenance of any physical structures on defendant properties in their present conditions;

(6) maintenance of all physical structures on any defendant property so as to prevent weather damages, intrusion, and deterioration;

(7) collection of rents and preservation of any funds collected in an escrow accounts; and

(8) changing locks as necessary for entry.

This Order does not authorize the following:

(1) eviction of any tenants or interference with any tenants' use of defendant property beyond that immediately necessary for the security, maintenance, or preservation of defendant property;

(2) use of any defendant property for any purpose other than its security, maintenance, and preservation;

(3) actions or conduct beyond that typically taken by residential and/or commercial property managers;

(4) Plaintiff to be custodian or receiver for or over defendant property or for Plaintiff to otherwise be imposed with the legal liabilities associated with any of the defendant properties.

To the extent that actions beyond those typically taken by a residential or commercial property manager are necessary, Plaintiff must notify the Court and seek the permission of the Court. This Order does not authorize Plaintiff or its agents to take title or seize defendant properties. This Court retains jurisdiction of this matter for all purposes.

Mary M. Lisi
Mary M. Lisi
Chief Judge, United State District Court for the District of Rhode Island

Dated: June 17, 2008