UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>REAL PROPERTY LOCATED AT 1630 MINERAL SPRING AVENUE, NORTH PROVIDENCE, RHODE ISLAND, et al.<br><br>Defendants | C.A. No. 08-125-ML |

**ANSWER BY NAVIGANT CREDIT UNION**

Pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Rule 12 of the Federal Rules of Civil Procedure, Navigant Credit Union ("Navigant"), f/k/a Credit Union Central Falls, hereby answers the Verified Complaint (the "Complaint") of the Plaintiff, the United States of America, as follows:

**Response to Allegations in the Complaint**

1. Navigant admits the allegations in paragraph 1 of the Complaint.

2. Navigant admits the allegations in paragraph 2 of the Complaint.

3. Navigant admits that Elegant Homes LLC has an interest in property commonly known as 15 Dennell Drive, Lincoln, Rhode Island, and more particularly described in the Mortgage (defined below) (all such real property and other tangible and intangible personal property described in the Mortgage, including all proceeds thereof, is hereinafter referred to as the "Collateral"), but Navigant asserts that Navigant's interest in the Collateral is superior to the interest of Elegant Homes LLC. Navigant is without sufficient information to admit or deny the

remaining allegations in paragraph 3 of the Complaint and therefore denies same.

4. Navigant is without sufficient information to admit or deny the allegations in paragraph4 of the Complaint and therefore denies same.

5. Navigant admits the allegations in the first sentence of paragraph 5 of the Complaint. of the Complaint. The remaining allegations in paragraph 5 are statements of the Plaintiff's intentions and as such require no response.

6. Navigant admits the allegations in paragraph 6 of the Complaint.

7. Navigant admits the allegations in the first sentence of paragraph 7 of the Complaint. Navigant is without sufficient information to admit or deny the remaining allegations in paragraph 7 of the Complaint and therefore denies same.

8. Navigant admits that venue is proper in this district, because the Collateral is located in this district. However, Navigant is without sufficient information to admit or deny the allegations in paragraph 8 of the Complaint as to other property and therefore denies same.

9. Navigant is without sufficient information to admit or deny the allegations in paragraph 9 of the Complaint and therefore denies same.

10. Navigant is without sufficient information to admit or deny the allegations in paragraph 10 of the Complaint and therefore denies same.

11. Navigant is without sufficient information to admit or deny the allegations in paragraph 11 of the Complaint and therefore denies same.

12. Navigant is without sufficient information to admit or deny the allegations in paragraph 12 of the Complaint and therefore denies same.

13. Navigant is without sufficient information to admit or deny the allegations in

paragraph 13 of the Complaint and therefore denies same.

**Affirmative Defenses and Claims**

14. Navigant is a Rhode Island credit union, with its principal place of business in Smithfield, Rhode Island.

15. On or about November 15, 2005, Navigant made a loan to Elegant Homes LLC in the principal amount of $800,000.00 (the "Loan").

16. The Loan was evidenced by Elegant Homes LLC's Promissory Note (the "Note") in the principal amount of $800,000.00. A true and accurate copy of the Note is attached hereto as Exhibit A.

17. As of July 2, 2008, the outstanding balance of the Note (exclusive of attorneys' fees and expenses) is as follows:

| | |
|---|---|
| Principal | $ 800,000.00 |
| Interest | 3,022.23 |
| Accrued but unpaid modification fee | 4,000.00 |
| Appraisal fee | 500.00 |
| Total | $ 807,522.23 |

Interest continues to accrue at the present rate of $177.78 per day.

18. As security for the Note, on or about November 15, 2005, Elegant Homes LLC executed and delivered to Navigant a Mortgage, Security Agreement, Assignment of Leases and Rents, and Financing Statement (the "Mortgage") upon the Collateral.

19. Navigant's Mortgage was duly recorded with the Land Evidence Records for the Town of Lincoln on November 15, 2005 at 9:07 a.m. in Book 1302 at Page 96. A true and

accurate copy of the Mortgage is attached hereto as Exhibit B.

20. No outstanding mortgages, attachments, executions, liens, or other encumbrances were recorded prior to Navigant's Mortgage. Therefore, Navigant's Mortgage constitutes a valid and perfected first mortgage upon the Collateral.

21. Navigant perfected its security interest in personal property Collateral by filing a UCC-1 financing statement with the Rhode Island Secretary of State on November 16, 2005 as filing number 200502965180 (the "UCC-1 Financing Statement"). A true and accurate copy of the UCC-1 Financing Statement is attached hereto as Exhibit C.

22. There are no UCC-1 financing statements of record against the Collateral, other than Navigant's UCC-1 Financing Statement. Therefore, Navigant's security interest constitutes a valid and perfected first-priority security interest.

23. On information and belief, Tarek Wehbe is a member of Elegant Homes LLC.

24. Navigant is a bona fide purchaser for value of all of the right, title and interest in the Collateral.

25. At the time of Navigant's said purchase, Navigant was reasonably without cause to believe that the Collateral was subject to forfeiture. Further, at said time, Navigant had neither knowledge nor any cause to believe that Mr. Wehbe had committed any crime.

26. Navigant reserves the right to amend or supplement this Claim.

27. There are no defenses, set-offs, counterclaims, or recoupments to Navigant's Claim.

28. Navigant has filed a timely claim in this action, pursuant to 18 U.S.C. §§ 981 and 985, 21 U.S.C. § 853, Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and other applicable law.

WHEREFORE, Navigant prays that this Court:

(a) Allow its Claim as set forth above, plus future-accruing interest and costs and attorneys fees, secured by the Mortgage, and find and declare that Navigant's Mortgage constitutes a valid and perfected first mortgage upon the Collateral, senior to the interests of all other claimants, including the United States of America.

(b) Award to Navigant such other and further relief as this Court deems appropriate.

Navigant Credit Union
By its attorneys,

Date: July 3, 2008

*/s/ Thomas S. Hemmendinger*

Thomas S. Hemmendinger #3122
Brennan, Recupero, Cascione, Scungio &
McAllister, LLP
362 Broadway
Providence, RI 02909
Tel. (401) 453-2300
Fax (401) 453-2345

CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I electronically filed the foregoing document with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Milind Shah, Esq., Assistant United States Attorney, Milind.Shah@usdoj.gov

Joseph Raheb, Esq., jr@raheblaw.com

and I hereby certify that I have mailed by United States Postal Service, postage prepaid, the document electronically filed with the Court to the following non-CM/ECF participants:

Milind Shah, Esq.
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Joseph Raheb, Esq.
650 Washington Street
Lincoln, RI 02865

*/s/ Thomas S. Hemmendinger*